FILED

OCT 29 2015

DAVID CREWS, CLERK
BY_____ Deputy

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                            Criminal No. 3:15CR020-MPM-SAA

RANDY TAYLOR DOSS

## PLEA AGREEMENT

The United States Attorney hereby proposes to the Court a plea agreement to be filed in this cause under Rule 11(c) of the Federal Rules of Criminal Procedure. Defendant has read and fully understands this plea agreement and approves same, realizing that the plea agreement is subject to acceptance or rejection by the Court. The plea agreement is as follows:

1.     GUILTY PLEA: The defendant agrees to plead guilty under oath to Count One of the one count Indictment, which charges that on or about January 27, 2012, the defendant, while acting under color of law, assaulted J.W., causing bodily injury to him, and thereby willfully depriving J.W. of a right, secured and protected by the Constitution and the laws of the United States, not to be deprived of liberty, without due process of law, in violation of Title 18 of the United States Code, Section 242, which carries maximum possible penalties of ten (10) years imprisonment, $250,000 fine, or both, three (3) years supervised release, and a special assessment of $100.

2.     OTHER CHARGES: The United States agrees not to charge the defendant with any other offenses arising from or related to the above charge.

3.     RESTITUTION: The defendant understands that the Court may order restitution in accordance with the provisions of 18 U.S.C. Section 3663 for all offenses committed and

specifically agrees that restitution is not limited to the count of conviction.

4. OTHER AUTHORITIES: This agreement does not bind any prosecuting authority of any state or any other federal district, nor does it bind the Attorney General of the United States with regard to any matter, criminal or civil, involving federal tax laws. Nor does this agreement bind the United States or any of its departments or agencies with regard to any civil or administrative actions or remedies.

5. WAIVER OF ALL APPEALS AND COLLATERAL ATTACKS: Defendant hereby expressly waives any and all rights to appeal the conviction and/or sentence imposed in this case, and the manner in which sentence was imposed, on any ground whatsoever, including but not limited to the grounds set forth in 18 U.S.C. § 3742. Defendant also hereby expressly waives all rights to contest or collaterally attack the conviction and/or sentence, and the manner in which sentence was imposed, in any post-conviction proceeding, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255, excepting only allegations of ineffective assistance of counsel and prosecutorial misconduct. Defendant waives these rights in exchange for the concessions and recommendations made by the United States in this plea agreement.

6. DEFENDANT'S AGREEMENT TO SURRENDER CERTIFICATION: In addition to his plea of guilty, Defendant further agrees to surrender, resign, terminate and/or relinquish his Peace Officer Standards Training (POST) Certification, and to never seek future employment in law enforcement. Defendant further agrees that the government reserves the right to notify the Mississippi Board of Law Enforcement Officer Standards and Training (BLEOST) and to furnish BLEOST with a copy of the judgment entered in this case.

7. VIOLATIONS OF THIS AGREEMENT: If defendant violates this agreement, all statements made pursuant hereto will be admissible against defendant, who hereby waives the

provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. Defendant may also, in that event, be prosecuted for all federal offenses, including perjury and false statements relating to this plea agreement.

8. ACKNOWLEDGMENTS: Apart from being advised of the applicability of the U.S. Sentencing Guidelines, and other than as set forth elsewhere in the plea documents, no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea of guilty. This agreement fully reflects all promises, agreements, and understandings between the defendant and the United States Attorney. The defendant's agreement is knowing, free, and voluntary, and not the product of force, threat, or coercion. The defendant is pleading guilty because defendant is in fact guilty.

This the 19th day of October, 2015.

FELICIA C. ADAMS
United States Attorney
MS Bar No. 1049

AGREED AND CONSENTED TO:

RANDY TAYLOR DOSS
Defendant

APPROVED:

GEORGE LUCAS
Attorney for Defendant
Mississippi Bar No. 1476